UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEICO CASUALTY CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:22-cv-144 SNLJ |
| vs. | ) |
| | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

Plaintiff insurance company brought this action in state court to recover insurance proceeds it paid to its insured, Jeremy Moore. Plaintiff alleges that the defendant United States Postal Service ("USPS") employed a "driver" who negligently caused a motor vehicle accident, resulting in damages to plaintiff's "insured" amounting to $3,333.50. Plaintiff paid the $3,333.50 claim and now seeks to recover the $3,333.50 from defendant through its subrogation rights. [Doc. 2 at ¶ 10.] Plaintiff filed its petition on May 20, 2022 in state court.

Defendant, a government agency, removed this matter to federal court pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. ("FTCA"). Defendant has moved to dismiss for lack of subject matter jurisdiction. [Doc. 5.]

The FTCA was enacted by Congress as a limited waiver of the United States government's sovereign immunity. *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979); *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir.1993). Subject to certain exceptions, the government is liable in tort for damages caused by the negligence of government employees acting within the scope of their office under circumstances

1

where the government, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1) (Supp. 1997). *See Mandel v. United States*, 793 F.2d 964, 968 (8th Cir. 1986); *Bergmann v. United States*, 689 F.2d 789, 792 (8th Cir. 1982); *Hungate v. United States*, 626 F.2d 60, 61 (8th Cir. 1980).

Section 2675(a) of the FTCA reads in pertinent part as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall first have presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. (emphasis added).

(Emphasis added).

"Presentment of an administrative claim [to the agency] is jurisdictional and must be pleaded and proven by the FTCA claimant." *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). The USPS contends that plaintiff did not file an administrative claim before commencing its lawsuit, and that plaintiff's failure to do so bars this Court from taking the case, as primary jurisdiction remains with USPS.

Plaintiff very clearly did not plead that it filed an administrative claim as required by the FTCA. Plaintiff contends that it filed such a claim in March 2021, and it attaches the purported claim to its response memorandum. Defendant's reply memorandum acknowledges that plaintiff's counsel had previously emailed defense counsel a PDF version of a claim form that plaintiff says was sent to USPS in March 2021. Defendant maintains that no such form was received by USPS. Plaintiff has no proof of mailing,

such as a certified mail receipt.  Moreover, defense counsel states that the metadata present in the PDF suggests that document was created in October 2022.  Regardless, the document filed with this Court is not even the same document that plaintiff e-mailed to defense counsel.

It is thus not clear whether plaintiff could truthfully plead that it had filed an administrative claim, but plaintiff certainly has not done so.  As a result, this Court is without subject matter jurisdiction, and defendant's motion to dismiss will be granted.

Accordingly,

IT IS HEREBY ORDERED that the motion to dismiss [Doc. 5] is GRANTED.

Dated this  21st  day of December, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE